# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN CLINGER, MONICA BARBA, and HEATHER RUDY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | Case No. 3:21-cv-01040 (JAM)<br><br>Hon. Judge Jeffrey A. Meyer |
| LUIS CHABLA and JESSICA BARTON, individually on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, and SUN PHARMACEUTICALS, LLC,<br><br>    Defendants. | Case No. 3:21-cv-01579 (JAM)<br><br>Hon. Judge Jeffrey A. Meyer |
| LISA ZAYAS, CATALINA OCAMPO, DEBORAH JEAN, and SEBE ALGOFI, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL BRANDS, LLC, and EDGEWELL PERSONAL CARE, LLC,<br><br>    Defendants. | Case No. 3:21-cv-01596 (JAM)<br><br>Hon. Judge Jeffrey A. Meyer<br><br><br><br>DATED: January 18, 2022<br><br>No Oral Argument Requested |

1

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPOINTMENTMENT OF INTERIM CO-LEAD AND LIAISON COUNSEL**

Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, and Sun Pharmaceuticals, LLC ("Defendant") submit this Memorandum in Opposition to (a) Plaintiffs' Motion to Consolidate *Bryan Clinger, et al., v. Edgewell Personal Care Brands, LLC*, No. 21 Civ. 01040 (D. Conn.) ("*Clinger*"), *Luis Chabla, et al., v. Edgewell Personal Care Brands, LLC, et al.*, No. 21 Civ. 01579 (D. Conn.) ("*Chabla*"), and *Lisa Zayas, et al., v. Edgewell Personal Care Company, et al.*, No. 21 Civ. 01596 (D. Conn.) ("*Zayas*"), and (b) Plaintiffs' Motion for Appointment of Interim Co-Lead and Liaison Counsel pursuant to Rule 23(g). Dkt. No. 55 in *Clinger*, Dkt No. 21 in *Chabla*, Dkt. No. 29 in *Zayas*. For the reasons explained *infra*, consolidation of these cases is not in the interest of judicial economy and will prejudice the parties. Furthermore, the appointment of interim co-lead and liaison counsel is at best premature.

I.   INTRODUCTION

On June 24, 2021, Valisure, LLC, an independent laboratory in New Haven, Connecticut, filed a Citizen Petition with the FDA alleging that specific lots of certain sunscreen products from a range of manufacturers contained benzene, a carcinogen. Although the FDA's review of that Citizen Petition is ongoing, Plaintiffs in *Zayas*, *Chabla*, and *Clinger* have now filed eight iterations of complaints alleging Defendant's sunscreen violates myriad federal and state laws because the products may contain trace amounts of benzene, even though those amounts are below the amount permitted by the FDA. Defendant has diligently filed or prepared to file substantive motions to dismiss in response to each of these eight complaints. At that point, instead of filing suggestions in opposition that would allow these claims to be evaluated on the merits, Plaintiffs have in

2

every instance but one elected to either dismiss their complaints, file amended complaints, request lengthy extensions, or request consolidation. The Court should not countenance any action that could further delay consideration of Defendant's substantive arguments pertaining to subject matter jurisdiction, preemption, and the legal sufficiency of these claims. For the reasons explained *infra*, consolidation while motions to dismiss remain pending or impending would be premature and a waste of judicial resources. Moreover, consolidation of these claims—which in their current iterations contain different causes of actions, different factual allegations, and different theories of wrongdoing—would foment confusion and not create any economies. Similarly, appointing class counsel is premature before the Court has occasion to consider Defendant's Motions to Dismiss as well as the arguments Defendant presents below. For all of these reasons, Plaintiffs' Motion to Consolidate and Appoint Interim Co-Lead and Interim Class Counsel should be denied.

II.     Procedural History

On December 23, 2021, Plaintiffs filed the instant Motion to Consolidate in each of the three above-captioned cases. As alluded to above, Plaintiffs have already used up judicial resources as a consequence of their evasive litigation strategy—not just in this district but in others across the country. Since August 2021, Plaintiffs in these cases have filed a sum total of eight different complaints before nine different district judges, managing to avoid responding to no less than three motions to dismiss. The first time any defendant responded to the merits of a motion to dismiss was on January 7, 2021, in *Clinger*.

**Clinger**

Plaintiffs in *Clinger* filed a complaint in this district on July 28, 2021. *Clinger et al. v. Edgewell Personal Care Brands, LLC*, 3:21-cv-01040-JAM, Dkt. No. 1. On October 22, 2021, Defendant filed a motion to dismiss with a response due November 11, 2021. Dkt. No. 35. Plaintiffs asked for an extension of the response deadline to November 28, 2021. Dkt. No. 37. The Court extended the deadline to November 12, 2021, and gave Plaintiffs the alternative option of filing an amended complaint that addresses the arguments raised in Defendant's motion to dismiss by that date. Dkt. No. 39. On November 12, 2021, Plaintiffs elected to file an amended complaint. Dkt. No. 40. On December 3, 2021, Defendant filed a new motion to dismiss, with a response due December 24, 2021. Dkt. No. 43. Plaintiffs asked for and received an extension of that deadline to January 7, 2021. Dkts. No. 47, 48. On December 27, 2021, Plaintiffs moved for another extension of their response deadline to either 14 days after resolution of the motion for consolidation, or by January 27, 2022, whichever is later. Dkt. No. 58. That motion was denied. Dkt. No. 59. On January 7, 2022, Plaintiffs filed their opposition to Defendants' Motion to Dismiss. Dkt. No. 60. Defendants' reply brief is due January 21, 2022.

**Chabla**

Plaintiff Luis Chabla filed a complaint against Defendant in the Eastern District of New York on August 4, 2021. *Chabla v. Edgewell Personal Care Company*, 1:21-cv-

4

04382-RPK, Dkt. No. 1. Defendant's deadline to respond was November 22, 2021. Dkt. No. 12. On November 19, 2021, three days before Defendant would have filed its motion to dismiss, Plaintiff voluntarily dismissed the case. Dkt. No. 18. Ten days later, on November 29, 2021, Luis Chabla along with a new Plaintiff filed a new complaint in the District of Connecticut, *Chabla et al., v. Edgewell Personal Care Brands, LLC*, 3:21-cv-01579-JAM, Dkt. No. 1. Defendant's deadline to respond to that complaint is currently January 31, 2021, and Defendant represents that it will file a motion to dismiss by that date.

### **Zayas**

On July 1, 2021, Lisa Zayas filed a Complaint against Defendant in the Eastern District of Missouri. *Zayas v. Energizer Holdings, et al.*, 4:21-cv-00797-SRC, Dkt. No. 1. Zayas filed a First Amended Complaint on August 13, 2021. Dkt. No. 19. Defendant filed a motion to dismiss on August 30, 2021. Dkt No. 24. On September 17, 2021, in lieu of responding to that motion, Zayas moved for an extension of time to file a Second Amended Complaint. Dkt. No. 27. The Court granted the extension of time to file a Second Amended Complaint but noted that it "does not anticipate granting further extensions." Dkt. No. 28. On October 12, 2021, Plaintiff moved to consolidate its case with another case in the Eastern District of Missouri, *Sebe Algofi v. Energizer Holdings, Inc. et al.*,

5

4:21-cv-01057-SRC[1], and requested to file a new complaint following consolidation. Dkt. No. 31. The Court granted that motion and set a November 19, 2021, deadline for filing the third complaint. Dkt. No. 33. On November 17, 2021, plaintiffs voluntarily dismissed their claims. Dkt. No. 35. On December 1, 2021, Zayas and Algofi along with two new plaintiffs refiled in this district. *Zayas v. Edgewell Personal Care Company*, 3:21-cv-01596-JAM, Dkt. No. 1. A response to the complaint is currently due January 31, 2021, and Defendant represents it will file a motion to dismiss by that date. Dkts No. 10-12.

III.    ARGUMENT

    **A.**   Plaintiffs' Motion to Consolidate Should Be Denied

Rule 42(a)(2) states that a court may consolidate actions if the actions involve a common question of law or fact. The decision of whether to grant a request for consolidation is committed to the Court's discretion. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). In exercising that discretion, the Court must balance the judicial economy to be gained and the prejudice to the parties resulting from consolidation. *Hubert v. Dep't of Corrections*, 2018 WL 1582511, at *3 (D. Conn. Mar. 30 2018). Importantly, it is the movant's burden to demonstrate that consolidation is appropriate. *Id.* In this case, Plaintiffs have not met their burden in demonstrating that consolidation is appropriate. First, while these cases share certain common questions of law and fact, the similarities are superficial; on close examination, the cases are markedly different, and consolidation would only risk confusion of the distinct issues in each case. Second, judicial economy would not be served by consolidation because it would delay ruling on

---

[1] Sebe Algofi filed a complaint on August 24, 2021. It was dismissed on November 18, 2021, as a result of its consolidation with *Zayas*. Dkt. No. 25.

the pendant and impending dispositive motions that will challenge the different claims in each action on different grounds. Finally, there is persuasive authority that consolidation is premature before the Court has had the occasion to assess both its own subject-matter jurisdiction as well as the legal sufficiency of each claim. The Court should deny the motion to consolidate for all these reasons.

1. Consolidation of the Cases Risks Confusion

At first glance, the claims in *Clinger*, *Zayas*, and *Chabla* are quite similar: Plaintiffs essentially alleges that they did not receive the benefit of their bargain when they purchased their Banana Boat products because Defendant did not disclose the potential or actual presence of benzene in those products. Clinger Compl. ¶¶ 1-3, Zayas Compl. ¶¶ 1-4, Chabla Compl. ¶¶ 10-14. Each plaintiff relies on the Valisure Citizen Petition to establish the plausibility of their claims. *Clinger* Compl. ¶¶ 27-28, *Zayas* Compl. ¶¶ 18-19, *Chabla* Compl. ¶ 36. Finally, each Plaintiff states claims for fraudulent concealment (*Clinger* Compl. ¶¶ 133-142, Zayas Compl. ¶¶ 109-118, *Chabla* Compl. ¶¶ 110-117) and unjust enrichment (*Clinger* Compl. ¶¶ 164-172, Zayas Compl. ¶¶ 119-125, Chabla Compl. ¶¶ 124-130).

In many other ways, however, the actions are markedly different. For instance, each sets out very different types of claims: While *Clinger* and *Chabla* set out Breach of Express and Implied Warranty claims, *Zayas* does not. *Clinger* Complaint, ¶¶ 143-155, *Chabla* Complaint, ¶¶ 96-109.  While *Clinger* and *Zayas* set out consumer protection claims under Illinois state law, *Chabla* does not. *Clinger* Compl. ¶¶ 215-248, *Zayas* Compl. ¶¶ 66-79. And while *Chabla* and *Zayas* set out claims under New York's consumer protection statutes, *Clinger* does not. *Chabla* Compl. ¶¶ 75-95, *Zayas* Compl. ¶¶ 95-108. Furthermore, *Clinger* alone makes a claim under Florida's consumer protection statute

7

and a federal Magnuson-Moss Warranty act claim. *Clinger* Compl. ¶¶ 156-163, 173-214. *Chabla* alone makes a medical monitoring claim. *Chabla* Compl. ¶¶ 118-123. And *Zayas* alone makes claims under Pennsylvania's and Oregon's consumer protection statutes. *Zayas* Compl. ¶¶ 52-65, 80-94.

While it is true that "differences in causes of action . . . do not render consolidation inappropriate" if the cases present common questions of fact or law, *In re Frontier Communications Corp. Derivative Litig.*, 2018 WL 3553332, at *3 (D. Conn. July 23, 2018), the complex constellation of shared and (mostly) distinct claims presented in these three cases could lead to confusion at both the dispositive motion stage and at trial. At the dispositive motion stage, these multifarious claims could easily lead to confusion in that each one presents distinct legal issues: certain claims are subject to the reasonable consumer standard, while others are not; certain claims are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), while others are not; certain claims are subject to the ascertainable loss standard, while others are not; certain claims are subject to privity requirements unique to their states, while others are not, and so on. These claims (24 in all) and their accompanying standards are easy to confuse when in separate actions—consolidation will only increase the odds of confusion. For the same reasons, the multifarious claims are even more likely to confuse a jury in the event of a consolidated trial, where they would be presented all at once.

Looking past the claims themselves, the facts and theories of harm set forth in the cases are not nearly as similar as Plaintiffs suggest. Most glaringly, *Plaintiffs did not purchase the same products*. The *Clinger* Plaintiffs allege they purchased the Kids Max Protect & Play Sunscreen Spray SPF 100 and the Protective Dry Oil Sunscreen Spray. *Clinger* Complaint ¶¶ 101, 105, 109. The *Chabla* Plaintiffs allege they purchased the

8

Protective Dry Oil Clear Sunscreen Spray with Coconut Oil, SPF 15, the UltraMist Deep Tanning Dry Oil Continuous Clear Spray SPF 4, and the Ultra Sport Clear Sunscreen Spray SPF 100. *Chabla* Complaint ¶¶ 52-53. The *Zayas* Plaintiffs, for their part, do not allege with specificity what products they purchased at all. *Zayas* Compl. ¶¶ 8-11. The fact that there is not a single shared product named in each action weighs against consolidation. Furthermore, in *Zayas* and *Clinger*, Plaintiffs plead only a *risk* of benzene contamination. *Clinger* Compl. ¶ 104, *Zayas* Compl. ¶¶ 8-11. Only in *Chabla* do Plaintiffs squarely allege that the products they purchased actually contained benzene. *Chabla* Compl. ¶ 54. This critical factual distinction between *Chabla* and the other two cases has potentially important ramifications for the Court's subject-matter jurisdiction and the course these cases may take as this litigation progresses

Finally, while Plaintiffs are correct that each case proposes a nationwide class, they also propose totally different subclasses: *Clinger* proposes Florida and Illinois subclasses, *Chabla* proposes a New York subclass, and *Zayas* proposes Pennsylvania, Illinois, and Oregon subclasses, albeit in the alternative. *Clinger* Compl. ¶¶ 120-21, *Chabla* Compl. ¶ 61, *Zayas* Compl. ¶ 38. Again, a superficial similarity dissipates on close examination. Altogether, Plaintiffs' claims that the cases present "identical questions of law and fact," that they are "virtually identical", and that Plaintiffs seeks to represent "the same proposed class of consumers" are belied on the face of the pleadings. Rather, while the cases share some facial similarities and theories of wrongdoing, they are also distinguished from each other in many fundamental respects. Consolidation in this circumstance will increase the likelihood of confusion for the Court and jury alike. Plaintiffs have not carried their burden on this element of the consolidation analysis.

    2.    Consolidation of the Cases Will Not Increase Judicial Economy

Considerations of judicial economy are one of the fundamental bases for consolidation. *Johnson*, 899 F.2d at 1285. Plaintiffs argue that consolidation will "promote judicial economy and result in a substantial saving of time and effort" by allowing for "unified discovery, motion practice, and trial[.]" Yet far from justifying consolidation, considerations of judicial economy in this instance weigh against it.

First, the cases are in different procedural postures and are not amenable to unified motion practice at the motion to dismiss stage. Defendant's responses to *Chabla* and *Zayas* are due on January 31, 2022, and it is currently planning on filing motions to dismiss by that date. Meanwhile, Defendant has already filed a motion to dismiss in *Clinger*, Plaintiff has filed a memorandum in opposition, and Defendant's reply is due on January 21, 2022. As such, the pendant motion to dismiss in *Clinger* will be fully briefed before dispositive briefing has even begun in the other two actions. Given this timeline, consolidation of the Related Cases could only delay disposition of the well-considered briefing in support of and in opposition to the motion to dismiss in *Clinger*. *See United States v. Garrity*, 2018 WL 8263922, at *2 (D. Conn. May 1, 2018) (denying motion to consolidate because consolidation would delay disposition of the earlier-filed action). Considerations of judicial economy weigh in favor of timely consideration of this briefing, since a decision on the substantive jurisdictional, preemption, and 12(b)(6) arguments presented therein will clarify the terrain and the bases for opposition in the other two cases. Consolidation would only lead to judicial *in*efficiency. Furthermore, although it is unclear whether Plaintiffs are asking the Court to consolidate the motion to dismiss briefing, consolidation of that briefing would be highly inefficient and confusing for the reasons explained *supra*, §3.A. Given the important differences between each of the cases, the most efficient path forward is to expeditiously resolve the pendant and impending

10

motions to dismiss on an individual basis on the merits. Plaintiffs' so-far successful efforts to delay merit consideration, *see, supra* § II, have gone on long enough.[2] Plaintiffs have not carried their burden on this element of the consolidation analysis.

### 3. Consolidation of the Cases Before the Pendant and Impending Motions to Dismiss Are Resolved Would Be Premature

Defendant suggests that the claims set forth in these cases are likely to be dismissed or, at the very least, pared down in the course of this litigation. In support, Defendant incorporates by reference the 12(b)(1), 12(b)(6) and Fed. R. Civ. P. 9(b) arguments set forth in its motion to dismiss in *Clinger*—namely, that (1) Plaintiffs in each of these cases have failed to plead injury-in-fact so as to support this Court's Article III standing; (2) All of Plaintiffs' claims are wholly preempted by FDA regulations that permit up to 2 ppm of residual solvents like benzene to be present in over-the-counter sunscreen products; and (3) Plaintiffs claims fail for additional and independent reasons as set forth in the *Clinger* motion to dismiss briefing.[3] The Court should not waste its limited resources attempting to assess whether consolidation of these claims would increase or decrease confusion, enable or inhibit judicial economies, or prejudice the parties before it has determined whether it has jurisdiction over the claims and whether they are legally sufficient on their face.

---

[2] Discovery in *Clinger* was stayed by the district court *sua sponte* pending resolution of the motion to dismiss, *Clinger*, Dkt. No. 42, and discovery in *Chabla* and *Zayas* has not yet begun and may be stayed as well. Thus, consolidation at this time will not save any judicial resources whatsoever. To the extent that consolidated discovery and a consolidated trial may save limited judicial resources in the future, (i.e., once the pendant and impending motions to dismiss have been resolved and discovery has commenced) the Court may entertain a future renewed motion to consolidate. At this preliminary stage, consolidation will not save any judicial resources, and considerations of judicial economy are best withheld until after the motions to dismiss are resolved.

[3] *See Clinger v. Edgewell Personal Care Brands, LLC,* 3:21-cv-01040-JAM, Dkt No. 35, at pp. 6-24 (Rule 12(b)(1) arguments), 26-37 (Rule 12(b)(6) and 9(b) arguments).

District courts across the country have consistently concluded that consolidation is premature before dispositive motions are resolved for this exact reason. *Makah Indian Tribe v. Verity*, No. C87-747-RC, 1988 WL 144145 at *1 (W.D. Wash. May 12, 1988) ("Until the court rules on those [dispositive] motions, there is no reason to consolidate the two cases, because consolidation would serve only to delay, not expedite, resolution of both."); *Cooper v. City of Tucson*, No. CV-12-781-TUC-DUB, 2015 WL 1522198 at *5 (D. Ariz. April 2, 2015) ("There would be little economy to the courts to consolidate the two, and there would be tremendous delay in resolving CV 12–208 TUC DCB, which has one pending ripe dispositive motion and another due shortly."); *Vickers v. Green Tree Servicing, LLC.*, Case No. 15-1252-JTM-GEB, 2015 WL 7776880 at *2 (D. Kan. Dec. 2, 2015) ("Therefore, when weighing the benefits and risks of consolidation, the Court finds that judicial efficiency would not be served by premature consolidation of the cases. Rather, the Court finds that deciding the pending dispositive motions prior to any consolidation would be most efficient and would not prejudice Plaintiffs at this early juncture."); *Osman v. Weyker*, 2016 WL 10402791, No. 16-908 (JNE/JSM), at *3 (D. Minn. Nov. 21, 2016) ("The Court has concluded that consolidation is premature in light of the fact that defendants plan to move for dismissal under Rule 12(b)(6) . . . Consequently, the Court has denied defendants' motions without prejudice to their right to renew the motions if some of the plaintiffs' claims survive defendants' dispositive motions."); *Evans v. Int'l Paper Co.*, Civil No. 11-0214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) ("Accordingly, unless and until the court resolves IP's motion to dismiss in plaintiffs' favor, the motion to consolidate remains premature. The parties may re-urge the motion once the pending motion to dismiss has been resolved, if necessary.").

Other judges in the District of Connecticut have hewn to this well-considered approach. In *Merholz v. McMahon*, 3:20-cv-557-VAB, plaintiff sought to consolidate that action with *Nordstrom v. McMahon* and *Kooi v. McMahon*, all related cases stating claims for breach of fiduciary duty to shareholders and violations of SEC rules, *inter alia*. Judge Bolden denied the motion "without prejudice to renewal following the resolution of any motions to dismiss[.]" *Merholz*, Dkt No. 43, at 1. The Court reasoned that "If one or more of these cases are remanded or dismissed, then the nature of consolidation changes, making it premature to address that issue now." *Id*. at 2. Similarly, here, it is premature to address consolidation before considering whether one or all of these cases should be dismissed in whole or in part. This Court should hew to this common-sense approach by denying the motion to consolidate with leave to renew the motion following disposition of the motions to dismiss. If any of the claims survive, the Court will have occasion to consider the merits of consolidation on Plaintiffs' renewed motion.

    **B.**    Appointment of Interim Co-Lead Counsel is Premature Before the Cases Are Consolidated

Under Fed. R. Civ. P. 23(g)(3), the Court may designate interim counsel to act on behalf of a putative class before the class is certified. Plaintiffs have set out at length the qualifications of their proposed interim co-lead counsel team. These qualifications, however, are beside the point given that the three cases are unsuited for consolidation at this juncture for the reasons explained *supra*. Absent consolidation of the cases, interim lead counsel cannot be appointed in each of these currently separate actions. Defendant suggests that the Court deny the motion to appoint interim lead counsel with leave to renew that motion alongside a renewed motion to consolidate if any of the cases survive the pendant and impending motions to dismiss. This approach will conserve judicial

13

resources by removing the need to consider whether the proposed interim lead counsel are fit to prosecute actions that the Court lacks subject-matter jurisdiction over and that are legally deficient on their face. Furthermore, Plaintiffs' counsel will not be prejudiced by prosecuting these actions on an individual basis through the motion to dismiss stage. Plaintiffs' counsel in *Clinger*, *Chabla*, and *Zayas* are qualified to litigate their individual actions through the motion to dismiss stage without whatever benefits are afforded by the formal appointment of interim lead counsel under Rule 23(g). To the extent that counsel would benefit from coordinating arguments among themselves, they are of course able to do so without this Court's imprimatur, which would be premature prior to an order of consolidation.

## **CONCLUSION**

For the reasons explained above, the Court should deny the Motion to Consolidate with leave to refile if any claims remain after the pending and impending motions to dismiss are resolved in each Related Action. Contrary to Plaintiffs' claims, consolidation of *Clinger*, *Chabla*, and *Zayas* at this time would lead to confusion of the issues and would not be in the interest of judicial economy. Moreover, there is persuasive in- and out-of-district authority against consolidation at this juncture. Finally, the motion to appoint interim lead counsel should be similarly denied with leave to renew that motion alongside a renewed motion to consolidate, if any of the claims survive the pendant and impending motions to dismiss.

Dated: January 18, 2022

    Respectfully submitted,

  By: _/s/Jonathan Kelson_

DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP

Jonathan P. Whitcomb (ct15014)
jwhitcomb@dmoc.com
Jonathan J. Kelson (ct26755)
jkelson@dmoc.com
Christina Volpe (ct30647)
cvolpe@dmoc.com
1010 Washington Blvd., Suite 800
Stamford, Connecticut 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321

**ATTORNEYS FOR DEFENDANT**

CORE/3006951.0088/172136279.1

## CERTIFICATE OF SERVICE

I hereby certify that on this January 18, 2022, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Jonathan Kelson*

ATTORNEY FOR DEFENDANT